Judge Brooke,
delivered the opinion of the Court
In deciding this case, the Court disclaims the power to change or limit the effect of the judgment of the Special Court of Appeals; nor would it countenance any evasion of it by the Court below, in permitting the evidence which is set out in the first bill of exceptions, to go to the jury. No attempt of the sort is perceived by the Court. That evidence is not exhibited to repel the patent of 1797, under which the demandant claims, as in the case before that Court; but, to sustain it against a new title attempted to be set up by the tenants, and was therefore rightfully permitted to go to the jury.
. Upon the second bill of exceptions, the Court is of opinion, that the evidence offered by the, tenants, in the first instance, and by the demandant to rebut it, made a proper case for a demurrer. The evidence of the demandant is consistent with that of the tenants, from the whole of which the conclusions of law would be more correctly drawn by the Court than the jury. The first objection by the tenants to joining in the demurrer, would deserve consideration, if the error complained of in taking the testimony of James London, the witness, had been stated, and it also appeared that it would affect any of the questions to be decided by the Court, on the demurrer; but, it not being so stated by the party taking the objection, though jt is stated by the counsel for the demandant, that the difference between them was, whether the witness spoke of the sale being made, and the title claimed, by John and Charles Christian, or by John only. The Court is of opinion, that there is nothing in the objection.
As to the uncertainty in regard to the identity of the land in controversy; if the demandant is entitled to recover as much of the 433 acres, described in the count, as his patent for 6694 acres will include; the Court is of opinion, that it sufficiently designates that quantity, by metes and *86 bounds, to enable the Court to identify it, upon the final ¿ecisjorL 0f the cause. The remainder of the 433 acres described in the pleadings, and supposed to be covered by the Patent °f the demandant of 1813, the Court deems it unnecessary to notice in the present state of the cause.
The judgment is therefore reversed, and the cause remanded for further proceedings, in which the verdict is to be set aside, and the tenants compelled to join in demurrer, and, if necessary, a writ of enquiry of damages. *
Judges Green and Summers, differed from the rest of the Court, as to the form in which the judgment was to be entered; and Judge Green, submitted the following, as conveying the ideas of himself and Judge Summers : That there is error in the judgment and proceedings, in this; that the Superior Court of Law should have compelled the tenants to join in the demurrer to evidence, tendered by the demandant, stating the evidence of James London, in the particular in which the counsel of the parties differed, as the counsel of the tenants insisted it was. Therefore, it is considered that the judgment be reversed and annulled, the verdict of the jury set aside, and the cause remanded to the said Superior Court, for a new trial to be had therein.
Judgment reversed, and the cause remanded, in pursuance of the foregoing opinion of the Court.

 Note.—Judge Brooke, remarked, that on the question, whether that portion of the 669) aere patent which was supposed to be included as a part of the land described in the count, is sufficiently designated, to justify a judgment, under the act for reforming the method of proceeding in writs of right, (1 Rev. Code, p. 464,) he differed from the other Judges. He thought there was nothing in the pleadings to warrant it.